# IN THE COURT OF APPEALS OF IOWA

No. 15-1279
Filed August 17, 2016

**IN THE INTEREST OF M.J.P,**
**Minor child,**

**C.M., Mother,**
   Petitioner-Appellee.

**N.L.P., Father,**
   Respondent-Appellant.
_____

   Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt,

Judge.


   A father appeals the district court's termination of his parental rights under

Iowa Code chapter 600A (2015).  **AFFIRMED.**


   Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant

father.

   Scott D. Fisher of Fisher Law Firm, P.L.C., West Des Moines, for appellee

mother.


   Considered by Mullins, P.J., Bower, J., and Scott, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SCOTT, Senior Judge.**

A father appeals the termination of his parental rights to his child, born in 2004. He claims the court erred in determining there was clear and convincing evidence he had abandoned the child under Iowa Code section 600A.8(3)(b)(2) (2015)[1] because his efforts to maintain contact with the child while in prison have been thwarted by the mother's many changes of address and he is providing child support through his wages in prison. He also claims the court erred in determining there was clear and convincing evidence he was imprisoned and unlikely to be released for a period of five or more years under section 600A.8(9)[2] because he had a parole board review a few weeks after the termination hearing and anticipated being released on parole at that time. Finally, he claims the court erred in determining termination of his parental rights was in the best interests of the child because there was no evidence that maintaining the parent-child relationship would be harmful to the child and he was willing to continue to financially support the child.

---

[1] Iowa Code section 600A.8(3)(b)(2) provides parental rights can be terminated if:
> 3. The parent has abandoned the child. For the purposes of this subsection, a parent is deemed to have abandoned a child as follows:
> . . . .
> b. If the child is six months of age or older when the termination hearing is held, a parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> . . . .
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.

[2] Iowa Code section 600A.8(9) provides parental rights can be terminated if: "The parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household, or the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years."

In February 2015, the child's mother filed a petition to terminate the rights of the father, and a guardian ad litem was appointed to represent the father due to his incarceration. A hearing was held before the district court in April 2015, and the court entered the order terminating the father's parental rights in June 2015, concluding:

> [The mother] testified that over the period between his 2009 incarceration and the date of this trial, [the father] has made a few sporadic attempts to maintain contact with [the child] by phone and by mail. [The father's] testimony corroborates [the mother's]. There are no serious or substantial doubts that [the father] has not maintained consistent communication with [the child] through [the mother] or with [the child] directly, whom he last saw in person in 2009 when [the mother] brought [the child] to his place of incarceration at that time. Termination of his parental rights on this separate basis is justified.
> . . . .
> . . . [The father] testified that he was to appear before the Parole Board sometime in June 2015 and he expects to be released from custody shortly thereafter.
> The court cannot speculate about whether [the father] will be successful in his bid to be paroled early from his incarceration for burglary in the first degree. It is undisputed that [the father's] current tentative discharge date is August 1, 2020. This is five or more years as contemplated by section 600A.8(9), and clear and convincing evidence that he is imprisoned and under this record he is unlikely to be paroled before five or more years have passed. Termination of his parental rights on this separate basis is justified.
> . . . When all of the evidence is considered, this record establishes that to date [the father] has failed to "affirmatively assume the duties encompassed by the role of being a parent" as required by Iowa Code section 600A.1. His past performance is indicative of his inability to provide the quality of future care necessary to advance [the child's] best interests as contemplated by chapter 600A. Termination of [the father's] parental rights is therefore in [the child's] best interests.

Upon our de novo review of the record, we affirm the district court's decision without further opinion as the district court considered all issues now presented on appeal, and this court approves of the district court's reasons and

conclusions contained in the opinion terminating the father's parental rights. *See* Iowa Ct. R. 21.26(1)(d); *In re C.A.V.*, 787 N.W.2d 96, 99 (Iowa Ct. App. 2010) ("We review de novo termination proceedings under chapter 600A. We accord weight to the factual findings of the juvenile court, especially those regarding witness credibility, but we are not bound by them." (citation omitted)).

**AFFIRMED.**